IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>v.<br><br>**EUGENE MICHAEL BROWN**,<br><br>Defendant. | Case No. 3:22-cr-00385-IM-1<br><br>**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR CONSTITUTIONAL CHALLENGE** |

Natalie K. Wight, United States Attorney, and Lewis S. Burkhart, Assistant United States Attorney, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, OR 97204. Attorneys for the United States.

Eugene Michael Brown, USM #36783-510, FCI Sheridan, P.O. Box 5000, Sheridan, OR 97378. Pro se.

**IMMERGUT, District Judge.**

Before this Court is Eugene Michael Brown's Motion for Constitutional Challenge. ("Mot."), ECF 58. On June 13, 2023, Defendant pleaded guilty to one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(l). Plea Agreement, ECF 47. Several months after sentencing, Defendant now argues that § 922(g)(1) violates the Second Amendment as interpreted in *New York State Rifle and Pistol Association v. Bruen*, 597 U.S. 1 (2022). This Court holds that Defendant is not entitled to relief for two independent reasons: (1) Defendant's

PAGE 1 – OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR CONSTITUTIONAL CHALLENGE

Motion violates the procedural requirements for motions under 28 U.S.C. § 2255,[1] and (2) Defendant's Motion fails on the merits. Accordingly, Defendant's Motion is DENIED.

## BACKGROUND

Defendant has a history of committing felonies, including violent ones. Defendant's prior felony convictions include Unauthorized Use of a Motor Vehicle, Possession of a Controlled Substance, Attempting to Elude a Pursuing Police Vehicle, Rioting while Armed with a Deadly Weapon, Escape, Harassment, Domestic Violence, Assault, Burglary, and Unlawful Use of a Firearm. *See* Presentence Investigation Report ("PSR"), ECF 47 ¶¶ 40–63.

Defendant's current sentence stems from an altercation Defendant had with a group of individuals during the early morning of May 22, 2022. *Id.* ¶¶ 17, 70. Surveillance footage from this event showed Defendant holding a firearm. *Id.* On November 2, 2022, a federal grand jury returned a one-count indictment charging Defendant with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(l). Indictment, ECF 1.

Represented by counsel, Defendant pleaded guilty on June 13, 2023 to the one-count indictment pursuant to a plea agreement with the Government. Plea Agreement, ECF 44; PSR, ECF 47 ¶¶ 3–11. Based on the sentencing guidelines calculation in the PSR prepared for the sentencing hearing, Defendant's sentencing guideline range was 37 – 46 months in custody. PSR, ECF 47 at 1. On September 11, 2023, Defendant was sentenced by this Court to thirty months imprisonment followed by thirty-six months of supervised release. Judgment &

---

[1] Defendant does not cite § 2255 as the basis for his Motion, but because Defendant argues that his sentence is unconstitutional following *Bruen*, this Court examines the Motion under the standards governing a collateral attack brought under § 2255. *See* 28 U.S.C. § 2255(a); *see also Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) ("A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so." (citation omitted)).

Commitment, ECF 54. Plaintiff did not challenge his guilty plea on direct appeal. Three months after sentencing, Defendant filed the Motion before this Court. Mot., ECF 58. On January 12, 2024, the Government responded timely to Defendant's Motion. Government's Response ("Resp."), ECF 59. Defendant did not file a reply.

## LEGAL STANDARDS

### A. Procedural Default Under § 2255

28 U.S.C. § 2255 allows a federal prisoner to move the sentencing court to vacate, set aside, or correct the sentence if he claims the right to be released on any of the following four grounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose the sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *see also United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).

A defendant who challenges a guilty plea under § 2255 "must overcome significant procedural hurdles before a court can reach the merits of his challenge." *United States v. Pollard*, 20 F.4th 1252, 1255 (9th Cir. 2021) (citation and internal quotation marks omitted). A defendant moving under § 2255 procedurally defaults his claims by failing to raise them in the district court or on direct appeal. *See id.* A defendant may overcome this default in one of two ways: (A) the defendant can "show (1) cause for why he did not object to or directly appeal the alleged error and (2) actual prejudice resulting from the error," *id.* at 1255–56 (citations omitted), or (B) the defendant may show that he is "actually innocent," *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted).

DISCUSSION

Defendant argues that prohibiting felons from possessing firearms under § 922(g)(1) is inconsistent with the Nation's historical tradition of firearm regulations and is therefore unconstitutional under *Bruen*. Mot., ECF 58. The Government responds that Defendant's Motion must be denied because Defendant has not satisfied the procedural requirements of § 2255 and alternatively, Defendant's motion fails on the merits. Resp., ECF 59 at 3–13. This Court agrees with the Government and denies Defendant's Motion.

**A. Defendant's Motion is Procedurally Barred**

The Government argues that Defendant's Motion is procedurally barred because he has not shown cause for his failure to object at sentencing or file a direct appeal, nor has Defendant shown actual prejudice, or actual innocence. *Id.* at 3–6. This Court agrees.

**1. Defendant Cannot Show Cause**

To establish cause, Defendant must show that "some objective factor external to the defense impeded . . . efforts to comply with the . . . procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see also United States v. Skurdal*, 341 F.3d 921, 925 (9th Cir. 2003) (applying *Murray* to a § 2255 motion). A defendant can show cause if "the claim rests upon a new legal or factual basis that was unavailable at the time of direct appeal, or where 'interference by officials' may have prevented the claim from being brought earlier." *United States v. Braswell*, 501 F.3d 1147, 1150 (9th Cir. 2007) (quoting *Murray*, 477 U.S. at 488).

Although Defendant addresses neither ground for cause, *see* Mot., ECF 58, he clearly could have raised his *Bruen* argument before he pleaded guilty. The Supreme Court decided *Bruen* on June 23, 2022, nearly a year before Defendant pleaded guilty on June 13, 2023. *Bruen*, 597 U.S. 1; Plea Agreement, ECF 41.

PAGE 4 – OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR CONSTITUTIONAL CHALLENGE

Further, Defendant points to no obstruction that prevented him from raising his claim in the district court or on direct appeal. Even assuming that Defendant intended to argue that ineffective assistance of counsel prevented him from asserting his constitutional argument earlier, this Court is unpersuaded. *See United States v. Ratigan*, 351 F.3d 957, 964–65 (9th Cir. 2003) ("Constitutionally ineffective assistance of counsel constitutes cause sufficient to excuse a procedural default." (citing *Murray*, 477 U.S. at 488)).[2] To establish ineffective assistance of counsel, Defendant must show "that [his] counsel's performance was deficient" and "that the deficient performance prejudiced [his] defense." *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

Defendant cannot show that his counsel rendered constitutionally ineffective assistance for two reasons. First, he received multiple benefits in exchange for his guilty plea and for his willingness to forego pretrial litigation. In his Plea Agreement, the Government agreed to recommend a reduction in Defendant's offense level by two points under 18 U.S.C. § 3553(a) for "resolving the case early and for not litigating issues." Plea Agreement, ECF 41 ¶ 10.  Further, Defendant's plea was part of a global resolution in which the Multnomah County District Attorney agreed to dismiss a state case as part of the plea resolution in the federal case. Plea

---

[2] In his Plea Agreement, Defendant waived the right to challenge his sentence under § 2255 except on grounds of ineffective assistance of counsel, Federal Rule of Criminal Procedure 33, or under 18 U.S.C. § 3582(c)(2). Plea Agreement, ECF 41 ¶ 13. Rule 33 and 18 U.S.C. § 3582(c)(2) do not apply to Defendant's Motion. *See* Fed. R. Crim. P. 33 (setting forth the rule for defendants to request a new trial "if the interest of justice so requires."); 18 U.S.C. § 3582(c)(2) (allowing a district court to reduce the term of imprisonment of a defendant who was sentenced based on a guidelines range that was subsequently lowered by the Sentencing Commission). Although Defendant does not argue that ineffective assistance of counsel prevented him from raising his *Bruen* argument in the district court, this Court is required to construe motions from pro se prisoners liberally. *See United States v. Jackson*, 21 F.4th 1205, 1216 (9th Cir. 2022). Thus, this Court examines whether Defendant can establish ineffective assistance of counsel.

Agreement, ECF 41 ¶¶ 11; PSR, ECF 47 ¶ 70. Accordingly, Defendant's counsel made a reasonable strategic choice to negotiate a favorable Plea Agreement rather than challenge the constitutionality of § 922(g)(1).[3] *See Strickland*, 466 U.S. at 690 ("strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable"). Second, as discussed below, Defendant's *Bruen* argument contravenes established Ninth Circuit precedent, *see infra* at 7–10, and "failure to raise a meritless argument does not constitute ineffective assistance." *Martinez v. Ryan*, 926 F.3d 1215, 1226 (9th Cir. 2019) (citation and internal quotation marks omitted). Thus, Defendant's counsel did not provide constitutionally ineffective assistance by failing to raise the *Bruen* argument Defendant now advances.

In sum, Defendant cannot show cause because he could have timely raised a *Bruen* challenge at the time of his sentencing, his counsel made a reasonable strategic choice to advise Defendant to accept the Government's plea bargain offer, and Defendant's *Bruen* argument is meritless.

**2. Defendant Cannot Show Actual Prejudice**

For the same reasons, Defendant cannot show actual prejudice due to his counsel's alleged failure to raise a constitutional challenge to 18 U.S.C. § 922(g). A defendant who pleaded guilty is prejudiced if there is "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Pollard*, 20 F.4th 1252, 1256 (9th Cir. 2021) (citation omitted). Defendant has not argued that there is a reasonable probability that he would have insisted on going to trial rather than plead guilty, nor does a liberal reading of his Motion allow

this Court to reach such a conclusion. *See United States v. Jackson*, 21 F.4th 1205, 1216 (9th Cir. 2022) ("Pro se motions from prisoners are to be liberally construed." (citation omitted)).

As stated below, Defendant's counsel did not err by failing to argue that § 922(g)(1) is unconstitutional given the existing contrary Ninth Circuit precedent. Further, the benefits Defendant would have forgone had he proceeded to trial—a two point reduction in his offense level and dismissal of a related state charge— also weigh against this Court finding that Defendant would have rejected the plea deal. Accordingly, Defendant cannot show actual prejudice. *See Pollard*, 20 F.4th at 1257 (requiring more than a "bare assertion . . . that [defendant] would not have pled guilty" to establish actual prejudice).

### 3. Defendant Cannot Show Actual Innocence

Finally, Defendant has not shown actual innocence. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (citation and internal quotation marks omitted). Defendant pleaded guilty to conduct that violates § 922(g)(1), Plea Agreement, ECF 41 ¶ 5, and he does not deny that he engaged in that conduct in his Motion. Further, surveillance footage shows Defendant holding a firearm on multiple occasions. *See* PSR, ECF 47 ¶¶ 70–71; USA Sentencing Memorandum, ECF 48 at 4–7 (showing images from the surveillance footage). Based on this evidence, Defendant cannot prove that "it is more likely than not that no reasonable juror would have convicted him." *See Bousley*, 523 U.S. at 623; 18 U.S.C. § 922(g)(1).

Because Defendant has not established cause and actual prejudice, or actual innocence, this Court holds that Defendant's Motion is procedurally defaulted.

**B. Alternatively, Section 922(g)(1) Remains Constitutional Following *Bruen***

Even assuming that Defendant's Motion was not procedurally defaulted, his argument also fails on the merits. In light of the Supreme Court's decision in *Bruen*, Defendant argues that § 922(g)(1) is unconstitutional. Mot., ECF 58. The Government counters that *Bruen* did not effectively overrule *Heller* and the Ninth Circuit cases upholding the prohibition on possession of firearms by felons because the cases are not clearly irreconcilable. Resp., ECF 59 at 2, 6. The Government argues moreover that restricting Second Amendment rights to law-abiding citizens is well-rooted in this Nation's history of firearm regulation. *Id.* at 7–12.

This Court agrees with the Government on both accounts. *Bruen* is not clearly irreconcilable with the reasoning in prior Supreme Court and Ninth Circuit authority. Accordingly, *Bruen* did not overrule those cases, and this Court is bound by that precedent. This Court further concludes that restricting felons from possessing firearms is well-rooted in this Nation's history of firearm regulation.

Generally, district courts in the Ninth Circuit are bound by the prior decisions of the Court of Appeals. *See Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001). However, "where the reasoning or theory of . . . prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority," that precedent should be rejected as having been "effectively overruled." *Miller v. Gammie*, 335 F.3d 889, 890, 893 (9th Cir. 2003) (en banc), *overruled on other grounds by Sanchez v. Mayorkas*, 539 U.S. 409 (2021); *see United States v. Harder*, Case No. 3:12-cr-485-SI, 2023 WL 7040173, at *9 n.9 (D. Or. Oct. 26, 2023) (applying this principle at the district court level). "[I]t is not enough for there to be some tension between the intervening higher authority and prior circuit precedent, or for the intervening higher authority to cast doubt on the prior circuit precedent." *Close v. Sotheby's, Inc.*, 894 F.3d 1061,

1073 (9th Cir. 2018) (citation omitted). "So long as the court can apply [the] prior circuit precedent without running afoul of the intervening authority it must do so." *Id.* (citation omitted).

The Ninth Circuit has repeatedly held that § 922(g)(1) does not violate the Second Amendment. *See, e.g.*, *United States v. Phillips*, 827 F.3d 1171, 1175 (9th Cir. 2016); *Van Der Hule v. Holder*, 759 F.3d 1043, 1051 (9th Cir. 2014); *United States v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2010). In reaching this conclusion, the Ninth Circuit has consistently relied on the United States Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008). In *Heller*, the Supreme Court concluded that the Second Amendment protects the individual right to bear arms and struck down as violating the Second Amendment a District of Columbia law banning possession of handguns in the home. 554 U.S. at 595, 635. However, the Supreme Court counseled that this right is not unlimited and that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons" which the Supreme Court described as "presumptively lawful." *Id.* at 626–27 & n.26. Two years later, in *McDonald v. City of Chicago*, the Supreme Court reiterated that *Heller* "did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons.'" 561 U.S. 742, 786 (2010) (plurality opinion) (quoting *Heller*, 554 U.S. at 626).

Defendant's argument appears to be that *Bruen* upended this Ninth Circuit and Supreme Court consensus. Understanding this argument requires some background: Following *Heller* and *McDonald*, the Ninth Circuit, adopted a two-step, means-end test to assess the constitutionality of firearms regulations. *See Young v. Hawaii*, 992 F.3d 765, 783–84 (9th Cir. 2021) (en banc). But in June 2022, the Supreme Court in *Bruen* rejected this two-step analysis and held that the proper test for whether a regulation violates the Second Amendment is as follows: "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively

PAGE 9 – OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR CONSTITUTIONAL CHALLENGE

protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 597 U.S. at 24. Thus, Defendant seems to say, *Bruen*'s express overruling of the Ninth Circuit's two-step test must have also overruled the Ninth Circuit's other pre-*Bruen* Second Amendment holdings.

This Court is unpersuaded and finds that *Bruen* is not irreconcilable with pre-*Bruen* precedent on the constitutionality of § 922(g)(1). In *Bruen*, the majority stated that its holding is "in keeping with *Heller*." *Id.* at 17. Likewise, Justice Alito, writing in concurrence, noted that *Bruen* "decides nothing about who may lawfully possess a firearm" and disturbs nothing from *Heller* or *McDonald* "about restrictions that may be imposed on the possession or carrying of guns." *Id.* at 72 (Alito, J., concurring) (citations omitted). Justice Kavanaugh, writing in a concurrence joined by Chief Justice Roberts, reiterated that "the Second Amendment allows a 'variety' of gun regulations," including "presumptively lawful regulatory measures" such as "prohibitions on the possession of firearms by felons." *Id.* at 80–81 (Kavanaugh, J., concurring) (citations omitted).[4] Justice Breyer, writing in dissent, stated that *Bruen* "cast[s] no doubt on" *Heller*'s treatment of laws prohibiting possession of firearms by felons. *Id.* at 2189 (Breyer, J., dissenting) (citation omitted). Further, even before *Bruen*, the Ninth Circuit relied on the historical tradition of gun regulation—and notably, not on means-end scrutiny—to conclude that § 922(g)(1) is consistent with the Second Amendment. *See Vongxay*, 594 F.3d at 1116–18.

---

[4] Moreover, in *Heller*, *McDonald*, and *Bruen*, the Supreme Court repeatedly characterized the Second Amendment right as belonging to *law-abiding* citizens. *See Heller*, 554 U.S. at 635 ("The Second Amendment . . . surely elevates above all other interests the right of law-abiding, responsible citizens to use arms" for self-defense); *McDonald*, 561 U.S. at 790 (plurality opinion) (referring to "law-abiding members of the community"); *Bruen*, 597 U.S. at 29 (instructing courts to consider the burden on a "law-abiding citizen's right to armed self-defense"); *see also id.* at 9, 15, 26, 30–31, 38, 60, 70–71; *id.* at 72, 78 (Alito, J., concurring); *id.* at 79 (Kavanaugh, J., concurring).

Accordingly, this Court holds that *Bruen* is not clearly irreconcilable with the reasoning in *Heller* or *Vongxay*. *Bruen* thus did not overrule these cases, and this Court is bound by them, as every other district court in this circuit has also held. *See United States v. Yates*, Case No. 23-cr-00318-AMO-1, 2024 WL 69072, at *2 (N.D. Cal. Jan. 5, 2024) ("[E]very district court in the circuit to decide this issue has concluded that *Vongxay* and its progeny are not clearly irreconcilable with *Bruen*." (collecting cases)).[5]

Even apart from stare decisis, this Court is persuaded that restrictions like § 922(g)(1) are well-rooted in our Nation's historical tradition of limiting Second Amendment protections to law-abiding citizens. The Ninth Circuit and Eighth Circuit have provided careful historical analysis, and this Court need not retread that ground.[6] *See Vongxay*, 594 F.3d at 1116–18; *United States v. Jackson*, 69 F.4th 495, 502–06 (8th Cir. 2023).

In total, because *Bruen* did not overrule Ninth Circuit precedent upholding § 922(g)(1) as constitutional under the Second Amendment and because § 922(g)(1) is consistent with this Nation's historical tradition of firearm regulation, this Court holds that Defendant's Motion must be denied on the merits.

---

[5] Other Courts of Appeals have also held that their prior precedents upholding § 922(g)(1) are not irreconcilable with *Bruen*. *See, e.g.*, *Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023); *United States v. Jones*, 88 F.4th 571, 574 (5th Cir. 2023) (per curiam).

[6] This Court notes that the Third Circuit found § 922(g)(1) unconstitutional as applied to a non-violent felon. *See Range v. Att'y Gen. U.S. of Am.*, 69 F.4th 96, 103–06 (3d Cir. 2023) (en banc). However, the reasoning of this out-of-circuit case is inapplicable here as Defendant has been convicted of multiple violent felonies. *See* PSR, ECF 47 ¶¶ 40–63. And, in any event, the Ninth Circuit has rejected as applied constitutional challenges to § 922(g)(1) by non-violent felons. *See Vongxay*, 594 F.3d at 1114, 1118.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Constitutional Challenge, ECF 58, is DENIED.

**IT IS SO ORDERED**.

DATED this 13th day of March, 2024.

<div style="text-align: right">

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

</div>